**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                               Case No.  3:14-cr-132-J-34JRK

JEAN LOSIER

_____/

## **REPORT AND RECOMMENDATION**[1]

### **I.  Status**

This cause is before the Court on Defendant Jean Losier's Motion to Suppress (Doc. No. 29; "Motion"), filed September 3, 2014.  In the Motion, Defendant Losier seeks "to suppress all physical evidence . . . found in the search of Defendant's home on January 14, 2014."  Motion at 1.  The Government filed a response in opposition to the Motion on September 17, 2014.  See United States' Memorandum Opposing Defendant Jean Losier's Motion to Suppress Evidence (Doc. No. 45; "Response").  Because there was an issue regarding Defendant Losier's competency, an evidentiary hearing could not be held on the Motion until after resolution of the issue.  This is discussed in the procedural history section below. Once Defendant Losier was found competent to proceed, an evidentiary hearing was held on January 23, 2015.  See Minute Entry (Doc. No. 67).[2]

---

[1]    Within fourteen (14) days after service of this document, specific, written objections may be filed in accordance with 28 U.S.C. § 636, Rule 59, Federal Rules of Criminal Procedure, and Rule 6.02(a), Local Rules, United States District Court, Middle District of Florida.  Failure to file a timely objection waives a party's right to review.  Fed. R. Crim. P. 59; United States v. Garcia-Sandobal, 703 F.3d 1278, 1283 (11th Cir. 2013).

[2]    The hearing has not been transcribed by a court reporter.

## II.  Procedural History

On August 6, 2014, the grand jury returned an indictment charging Defendant Losier and co-defendant Mercury Thompson with one count of conspiring to deal in counterfeit obligations in violation of 18 U.S.C. §§ 371 and 473 (Doc. No. 1).  Defendant Losier made his initial appearance on the indictment on August 8, 2014 (Doc. No. 7).  He asked for and qualified for Court-appointed counsel.  Id.  James Hernandez, Esquire was appointed that same day to represent him (Doc. No. 11).  On August 11, 2014, Mr. Hernandez filed a Motion for Competency Exam (Doc. No. 14).

Defendant Losier was arraigned on August 12, 2014, and the Court entered a not guilty plea on his behalf (Doc. No. 17).  On the following day, August 13, 2014, Defendant Losier's Motion for Competency Exam was granted (Doc. Nos. 22, 25).  As a result, Defendant Losier was committed to the custody of the Attorney General for a reasonable period not to exceed thirty days to undergo a competency examination (Doc. No. 25).

On September 3, 2014, Defendant Losier, through counsel, filed the instant Motion.  The Government filed its Response on September 17, 2014.  An evidentiary hearing could not be scheduled at that time because Defendant Losier was at the Federal Correctional Center in Miami undergoing a competency examination, and the question of his competency to proceed remained open.

Eventually, on December 17, 2014, a competency hearing was held (Doc. No. 53), and then on December 22, 2014, an Order was entered finding Defendant Losier competent to proceed (Doc. No. 57).  At the conclusion of the competency hearing on December 17, 2014, defense counsel indicated that he needed some time to decide whether to

supplement the Motion.  By way of an Order entered on December 19, 2014, Defendant Losier was given until January 9, 2015 to file any supplement to the Motion, and an evidentiary hearing was set for January 23, 2015 (Doc. No. 55).  Defendant Losier elected not to supplement the Motion.

The evidentiary hearing was held on its scheduled date (Doc. No. 67).  The only evidence presented by the Government at the hearing was a certified copy of an Application for Search Warrant (Gov's Ex. 1; "Application") which contains an affidavit that is attached to and part of the Application ("Affidavit").  Defendant Losier did not present any evidence.  The parties agree that the issues raised by Defendant Losier's Motion can be resolved by a review of the "four corners" of the Affidavit attached to and part of the Application.[3]  The Motion is now ripe for consideration by the Court.

### III. Background Regarding Motion

On January 13, 2014, Special Agent Antonio Strobridge of the United States Secret Service applied for a search warrant for Defendant Losier's residence located at 2075 Polo Gardens Drive, Apt. #302, Wellington, Florida.  See Gov.'s Ex. 1.  In the Application, Special Agent Strobridge sought authorization to search the residence for evidence of crimes and property designated for the use, intended for the use, or used in committing the crimes of manufacturing counterfeit U.S. obligations and dealing in counterfeit U.S. obligations, in violation of 18 U.S.C. §§ 471 and 473.  Based upon the Application of Special Agent Strobridge, on January 13, 2014, the Honorable Dave Lee Brannon, United States

---

[3]  Although the undersigned relies solely on the information contained in the Affidavit in resolving the legal questions, there is some background regarding the Motion provided infra at Part III for the sake of completeness.

Magistrate Judge, Southern District of Florida, issued a search warrant for Defendant Losier's residence. See Response at Ex. A (Doc. No. 45-1 at 22-23). The search warrant was executed on January 14, 2014. See id. at 3-4.[4]

### IV. Parties' Positions/ Summary of Recommendation

Defendant Losier attacks the Affidavit on two grounds. First, Defendant Losier argues the facts set forth in the Affidavit do not establish "probable cause . . . that evidence of counterfeit notes or equipment for manufacturing counterfeit[] notes could be found within the home of [Defendant] Losier[.]" Motion at 1. Second, Defendant Losier contends "that no nexus exist[s] with the place to be searched and the offenses described in the [A]pplication." Id.

The Government in its Response asserts the Affidavit indeed contains probable cause, and the Affidavit "establishes the connection between [Defendant] Losier and the residence, and the link between the residence and the manufacturing and dealing in counterfeit obligations." Response at 2. According to the Government, even if the Affidavit lacks probable cause, the evidence should not be suppressed because "the good faith exception in Leon precludes the application of the exclusionary rule." Id. at 4 (citing United States v. Leon, 468 U.S. 897, 922 (1984)). During the hearing, Defendant Losier argued that the Leon good faith exception does not apply.

---

[4] There was a second application for a search warrant presented to Judge Brannon on January 21, 2014, and based upon that application, Judge Brannon issued a second search warrant allowing the search of various devices that were recovered from the January 14, 2014 search. See Response at 2 n.1, Ex. B. Defendant Losier confirmed during the evidentiary hearing that he is not making any specific challenges to the second search warrant, with the caveat that if suppression is granted of the items searched and/or seized pursuant to the first warrant, then the second warrant would necessarily fail.

Upon review of the Motion, the Response, the Affidavit of Special Agent Strobridge, and the applicable law, the undersigned recommends that the Motion be denied. In sum, the Affidavit contains probable cause to believe crimes had been committed and to believe that evidence of the crimes would be found in the place to be searched. And even if probable cause was lacking, the good faith exception to the exclusionary rule applies and suppression is not warranted. The reasons for the recommendation and these findings are discussed below.

## V. Discussion

### A. Probable Cause for the Search Warrant

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,' and it provides that 'no Warrants shall issue, but upon probable cause.'" United States v. Joseph, 709 F.3d 1082, 1099 (11th Cir. 2013) (alteration in original) (quoting U.S. Const. amend. IV). "A magistrate[ judge]'s determination of probable cause should be paid great deference by reviewing courts." Illinois v. Gates, 462 U.S. 213, 236 (1983) (quotation and citation omitted) (observing that "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review"); see also Joseph, 709 F.3d at 1093 (stating "[w]e afford great deference to the determination of a magistrate judge that a search warrant affidavit is supported by probable cause, and we uphold the determination of the magistrate judge so long as he had a substantial basis for concluding that a search would uncover evidence of wrongdoing") (quotation and citation omitted). Review of the sufficiency of the evidence supporting probable cause is generally limited to the information that was

presented to the judicial officer who issued the warrant. United States v. Lockett, 674 F.2d 843, 845 (11th Cir. 1982) (citations omitted).[5] "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) (citation omitted). "[P]robable cause is a fluid concept–turning on the assessment of probabilities in particular factual contexts–not readily, or even usefully, reduced to a neat set of legal rules." Gates, 462 U.S. at 232.

An affidavit submitted in support of an application for a search warrant "should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002); see also Joseph, 709 F.3d at 1100 (citing United States v. Bradley, 644 F.3d 1213, 1263 (11th Cir. 2011)). "'[T]he nexus between the objects to be seized and the premises searched can be established from the particular circumstances involved and need not rest on direct observation.'" United States v. Jenkins, 901 F.2d 1075, 1080 (11th Cir. 1990) (alteration in original) (quoting Lockett, 674 F.2d at 846).

Here, the Affidavit in support of the Application for the search warrant sufficiently establishes a connection between Defendant Losier and the residence, as well as between the residence and the crimes of manufacturing and dealing in counterfeit obligations. As the Affidavit describes:

- An individual named Colby Thaddies "was charged with several counterfeit charges, conspiracy and wire fraud" and upon his November

---

[5] Here, as indicated supra in Part II, the parties agree that the Court's review should be limited to the four corners of the Affidavit attached to and made part of the warrant Application.

-6-

> 20, 2013 arrest, he "stated during a proffer interview that he had purchased counterfeit U.S. currency in $10,000.00 packages from Jean P. Losier on a number of occasions," paying "ten cents on the dollar for the . . . counterfeit packages[.]" Affidavit at 2 ¶¶ 4-5.

- On December 27, 2013, Mr. Thaddies purchased $10,200.00 in counterfeit currency from Defendant Losier at Mr. Thaddies's residence; Mr. "Thaddies paid $500 in genuine U.S. currency (confidential government funds) for delivery of $5,000.00 in counterfeit currency" and "the remaining counterfeit currency was provided by [Defendant] Losier to [Mr.] Thaddies on consignment." Id. at 2 ¶ 6.

- On January 8, 2014, Mr. Thaddies paid Defendant Losier the remaining $500.00 owed from the December 27, 2013 transaction and this exchange (occurring in the driveway of Mr. Thaddies's house) "was captured with audio and pictures taken by agents of the U.S. Secret Service." Id. at 3 ¶ 7.

- On January 9, 2014, Mr. Thaddies again contacted Defendant Losier and sought to purchase another $10,000.00 in counterfeit U.S. currency for $1,000.00 in genuine U.S. currency, and later that day, Defendant Losier left the apartment building of the residence to be searched, drove to Mr. Thaddies's residence, and Mr. Thaddies provided Defendant Losier with the genuine $1,000.00 in exchange for a future delivery of the counterfeit U.S. currency, which exchange again was audio and video recorded. Id. at 3-4 ¶ 8.

- On January 10, 2014, Defendant Losier "was seen departing the residence" to be searched "with a package in hand described as a light-colored plastic bag"; agents followed him to Mr. Thaddies's residence, "where he delivered a package containing $10,000.00 in counterfeit currency" that "was damp with several bills sticking to one another[.]" Agent Strobridge opined, based on his "training and experience with counterfeit currency investigations,[6] that the counterfeit bills had just been manufactured." This transaction was audio recorded. Id. at 4 ¶ 9.

Significantly, the last delivery of damp currency occurred just three days prior to the issuance of the search warrant; Defendant Losier left the residence in question and was

---

[6] Agent Strobridge has been a Special Agent with the U.S. Secret Service since May 2011; as of the date of the Application, he was "assigned to the Miami Field Office . . . and [his] duties include[d] the investigation of manufacturing and passing of counterfeit U.S. currency." Affidavit at 1 ¶ 1.

followed by agents to the delivery point. A reasonable inference from these facts is that Defendant Losier had been manufacturing the counterfeit currency in the residence to be searched just prior to leaving that day. And a reasonable conclusion, based on the totality of the circumstances, is that evidence of the crimes of manufacturing and dealing in counterfeit U.S. currency would be found in the residence. See Joseph, 709 F.3d at 1099 (stating "[t]his circuit has stated that probable cause exists if facts within the magistrate [judge]'s knowledge and of which he had reasonably trustworthy information would warrant a man of reasonable caution in the belief that a crime was committed and that evidence is at the place to be searched") (quotation and citation omitted). Accordingly, the Affidavit established probable cause to believe that evidence of the crimes would be found in the place to be searched.

### B. Leon Good Faith Exception to the Exclusionary Rule

Even if the Affidavit did not establish probable cause, suppression is not warranted. There is an exception to the Fourth Amendment exclusionary rule when law enforcement officers reasonably and in good faith rely on a facially valid search warrant issued by a neutral judicial officer that is later determined to be invalid. See Leon, 468 U.S. at 926. When an officer has obtained a search warrant and acted within its scope in good faith, "there is no police illegality and thus nothing to deter." Id. at 921. "The Leon good faith exception applies in all but four limited sets of circumstances," Martin, 297 F.3d at 1313 (citation omitted), only one of which could apply based on the evidence that was presented here. That is, when a warrant affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. (quotation and citation

omitted). In determining whether officers reasonably relied on a search warrant, the focus is "on a reasonably well-trained officer and is based upon the totality of the circumstances." Id. at 1318 (quotation and citation omitted).[7]

For the reasons stated supra in Part V.A., the undersigned finds alternatively that the Affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. See Martin, 297 F.3d at 1313. Accordingly, a reasonably well-trained officer would have been justified in relying on the search warrant. See id. at 1318. Thus, exclusion of the evidence found during the search is not appropriate.

## VI.  Conclusion

For the foregoing reasons, it is

**RECOMMENDED:**

That Defendant Jean Losier's Motion to Suppress (Doc. No. 29) be **DENIED**.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 16, 2015.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies:

Hon. Marcia Morales Howard
United States District Judge

Assistant U.S. Attorney (Duva)
James A. Hernandez, Esquire

---

[7] In addition, a court may "look beyond the four corners of the affidavit and search warrant to determine whether" officers' reliance on the search warrant was reasonable. Martin, 297 F.3d at 1318. Here, however, the parties have agreed that the only evidence to be considered is the Affidavit attached to and made part of the Application.